# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Wi-LAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS, USA, INC., <br><br> Defendants-Counterclaimants. | No. 10 CV 7721 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This matter is before me because a subpoena was issued by the U.S. District Court for the Northern District of Illinois to two non-parties of a civil case. That case is now pending in the Southern District of New York. *See Wi-Lan, Inc. v. LG Electronics, Inc.*, No. 10 CV 432 (S.D.N.Y. 2010). The non-parties, a non-profit advocacy group called the Coalition for Independent Ratings ("CFIR") and its founder and sole employee, Dominic Perri, are located in this District and were therefore served and commanded to appear for a deposition and produce documents here. The non-parties move to quash or modify the subpoenas and the Defendant moves to have them enforced, and to expedite ruling on the motions.

At the heart of the case is a licensing agreement related to a patent. The patent ("'402"), issued in 1996, concerns the parental television content control technology known as the V-Chip. In May of 2006, Defendant and Plaintiff entered into a non-exclusive licensing agreement over the '402 patent. That agreement has evidently broken down, as Wi-LAN is suing LG for

fraudulently inducing Wi-LAN into entering the licensing agreement and for LG's alleged infringement of '402 by selling of products that incorporate the technology.

In response, LG offered fourteen affirmative defenses and added ten counterclaims. The issues LG seeks to explore via the non-parties, CFIR/Perri, include but are not limited to the defenses of patent misuse, unclean hands, and estoppel and the unenforceability, unfair competition, and New York deceptive acts and practices counterclaims. LG's overarching theory as to CFIR/Perri is that they were posing as an uninterested special interest group in front of various standard settings organization and governmental bodies (including Congress) but in fact were paid "shills" for Wi-LAN. More specifically, CFIR/Perri is alleged to have lobbied for interpretations of various rules and regulations that would make is easier for Wi-LAN to assert '402 and expand the scope of the licensing agreement.

CFIR/Perri counters with two points. First, they insist that they are not shills for Wi-LAN, rather the two simply have a "mutual interest in the promotion and use of independent ratings systems." This mutual interest prompted them to engage in "numerous discussions regarding the promotion of independent ratings systems and the range of mutually beneficial activities which could be undertaken" before the government and other standard-setting organizations. The implication is that there was nothing untoward about this arrangement and that the arrangement did not include "any interest or involvement in the business of Wi-LAN" on the part of CFIR or Perri.

Second, CFIR/Perri insists that even if somehow nefarious, the conduct alleged happened well after any time that would bear on LG's defenses and counterclaims. They claim that their contact with Wi-LAN did not occur until the summer of 2006 and that the last rule or standard

relevant to '402 was in place by 2004. Further, the license agreement was not executed until May of 2006, also before CFIR/Perri had any contact with Wi-LAN.

LG claims that the connection between Wi-LAN and CFIR/Perri came to light very late in fact discovery, via a court-ordered document production that LG characterizes as a "dumping" of roughly 130,000 pages of documents. These documents had previously been withheld on the basis of privilege. Fact discovery was initially to have closed in early November of 2010, but based in part on this late production that deadline was extended to December 3rd. LG served CFIR/Perri on October 29, 2010 and commanded them to appear on November 5, 2010, with documents produced the day before.[1] CFIR/Perri refused to attend the deposition or produce documents, claiming that the time for compliance was unreasonably short, that it called exclusively for matters privileged under the attorney-client relationship and/or the Fifth Amendment, that the subject matter was irrelevant to the underlying case, and that in sum the subpoenas constituted an "undue burden" on them as non-parties. Counsel for the non-parties and counsel for LG traded some correspondence attempting to work out their differences, but they were unable to. The end result of all this was the pending motions, arguing in essence over these principal objections.

## II. STANDARD OF REVIEW

Rule 45 governs subpoenas. It states in relevant part that: "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). It is left

---

[1] Also in response to the revelations contained in the new documents, LG filed a motion to add new counterclaims, specifically alleged violations of the Sherman Antitrust Act. *See* 15 U.S.C. §§ 1 and 2. That motion was denied on December 30, 2010. I declined to expedite my ruling on these motions, preferring to wait until that motion to amend was resolved.

to the discretion of the issuing district court whether or not to grant, deny, or modify a motion to quash a subpoena. *See Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

The non-party opposing the subpoena must establish that it is unduly burdensome. In analyzing the claim of undue burden, the Seventh Circuit has established a relative hardship test. *See Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir 2004). Factors to be weighed in the analysis include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *See Morrow v. Air Ride Technologies, Inc.* 2006 U.S. Dist. LEXIS 96651 at *2 (S.D. Ind. Mar. 6, 2006). The fact that the subpoenaed party is a non-party is also in the balance. *Id.*

Under Rule 26, matters being sought must be relevant to a claim or defense, but "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For this reason, "[r]elevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

### III. DISCUSSION

There are two small threshold matters that bear discussion. The first relates to Wi-LAN's submissions. The principal motion before me is a motion to quash made by the non-parties, CFIR and Perri, to the Defendant in the main case, LG Electronics. That leaves Plaintiff, Wi-LAN, on the outside looking in with respect to this specific motion. Frequently in such circumstances, however, the nominally uninvolved party makes a claim of right or privilege with

respect to documents or topics for deposition. That, or they simply remain silent. Not so here. In this case, Wi-LAN has filed a brief billed as a "Response" to these motions, but which in fact expressly "takes no position on the motion...to quash." Its stated purpose is merely to "provide the court with a balanced view of the litigation."

Courts have consistently held that absent a showing of personal right or privilege with respect to the documents or subjects of a non-party subpoena, a party has no standing to challenge (or, as here, comment upon) that subpoena. *See* 9A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed.2008) (citing multiple cases). Because Wi-LAN has expressly disclaimed any personal right or privilege in regards to these subpoenas, I do not consider their submissions for purposes of these motions.

The second issue best dealt with at the outset is LG's argument that Perri as an individual has waived any objection to the subpoenas because he did not timely respond. Rule 45 requires that an objection be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *See* Fed. R. Civ. P. 45(c)(2)(B)(i). On November 4 (the date of the requested document production, and six days after service of the subpoena), counsel for CFIR sent a letter to counsel for LG announcing its written objections to the subpoena. But Perri as an individual did not send such a letter. LG seizes on this omission to assert that Perri waived his objection because his name as an individual did not appear on any objection until the formal motion to quash was filed on December 3.

I decline to hold this against Perri. As the founder and sole employee of CFIR, he is clearly the real party in interest with respect to CFIR's affairs. Indeed, LG seems to recognize as much. Though it is true that LG served separate subpoenas on both CFIR and Perri, the

subpoenas are verbatim the same.[2] Even more tellingly, LG's instructions state that "'You' or 'Your' means Dominic Perri and/or the Coalition for Independent Ratings." It seems LG itself knows that the two are essentially interchangeable for purposes of the subpoenas. Therefore, the following applies equally to CFIR as a non-profit organization and to Mr. Perri as an individual.

I now move on to the objections at issue:

A. Reasonable Time to Comply

CFIR/Perri asserts LG violated Rule 45's requirement of a reasonable time to comply by serving them on October 28, 2010,[3] commanding production on November 4th and commanding appearance for the deposition on November 5th. Had LG held to that schedule, CFIR/Perri would be right. But that timeline was evidently driven by the original date set for the closure of fact discovery. Once that date was extended, LG waived the tight timeline and attempted to accommodate CFIR/Perri. At any rate the issue is now moot as we are into January and the parties have had ample opportunity to brief the issues. LG is directed to work with CFIR/Perri to find a reasonably accommodating time for compliance going forward.

B. Privileged And Other Protected Matter

CFIR/Perri makes a sweeping claim of privilege as to all the requested information, stating that it is protected by the attorney-client privilege, the Fifth Amendment's protections

---

[2] With one rather notable exception: The subpoena as to Perri appears to have the section on "Topics for Examination" omitted entirely. All that is present is a instructing what documents to produce (which is an exact copy of the CFIR subpoena's section on the same). But because Perri was subpoenaed to appear for a deposition, something regarding topics for examination should have been attached to the subpoena. The omission appears to be an oversight.

[3] LG actually makes it worse in their own response, stating that service happened on the 29th.

6

against self-incrimination, and possibly others. CFIR/Perri offers to make an in-camera showing of certain documents to bolster these claims of privilege.

I decline to quash the entire subpoena on such a sweeping claim of privilege. Rather than grant the in camera showing, the better approach is to allow CFIR/Perri to simply assert their privileges document-by-document in the production and question-by-question in the deposition. Further, the magistrate judge in this case has evidently already defined the scope of various privileges in ordering the Wi-LAN production that was alleged to have revealed CFIR/Perri in the first place. LG and CFIR/Perri should incorporate the rulings and protections that already govern the main litigation to provide guidance for this production and deposition.

C. Undue Burden

Relevance, need, breadth of request, time period covered, particularity, and overall burden are the factors guiding my discretion here. *See Morrow,* 2006 U.S. Dist. LEXIS 96651 at *2. After reviewing the documents sought and the topics noticed for examination, I find the following topics fail for one or another of the reasons. The rest, left unmentioned, are allowed.

Document Request #1/Examination Topic #1: The portion referencing the V-Chip is not particular enough. Given CFIR/Perri's role as an advocate of independent ratings systems, this request could seemingly touch virtually all of their activities. This request should be amended to be more particular to the issues in this litigation.

Document Request #7/Examination Topic #7: The portion referencing CFIR is struck. Having an organization produce all documents that relate to that organization is nonsensical.

Document Request #8 & #9 /Examination Topic #8 & #9: These requests are struck in whole. They relate to the disallowed Sherman Act claims, and are therefore irrelevant to the claims which have survived.

7

I now move on to CFIR/Perri's other generalized objections:

There is nothing objectionable with respect to timeframe. CFIR/Perri asserts that the whole of their relationship is outside of the timeframe of the issues involved in this litigation, but this is an unsupported, self-serving statement which LG is entitled to challenge through discovery. This is especially so given that the relationship itself seems to have been the subject of some measure of concealment in the first instance. CFIR/Perri should simply produce what it has and if the timeframe turns out to be irrelevant to the issues in the case that will take care of itself. Rule 26 commands this type of liberal approach to discovery. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. at 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

Finally, CFIR/Perri argues that the sheer volume of information sought creates an "onerous" burden that it should not have to bear as a third party. But there is something of a tension in CFIR/Perri's argument. They claim that Perri is employed as a full-time business consultant for matters totally separate from CFIR. They also assert that he is the sole officer and employee of CFIR and that he dedicates less than 10% of his time to those activities. This is meant to support the notion that reviewing and producing documents and preparing for a deposition will place too much strain on his livelihood to be justified. If the CFIR activities are so minor, however, it's hard to conceive of why the production and preparation would be so onerous. Further, in submissions given to me under seal, it seems that Perri has earned some measure of income from his CFIR activities. Therefore, it seems that tending to CFIR affairs such as a document production and deposition are not a distraction from Perri's sole livelihood of business consultancy. Rather, CFIR itself is part of his livelihood.

## IV. CONCLUSION

For the foregoing reasons, the motion to expedite is DENIED AS MOOT. The motion to quash the subpoena is DENIED and accordingly the motion to enforce it is GRANTED . The subpoena is MODIFIED in accordance with this order.

ENTER:

James B. Zagel
United States District Judge

DATE: January 18, 2011